IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMERICAN HUMANIST ASSOCIATION and
DESSA BLACKTHORN                                          PLAINTIFFS

V.                        CASE NO. 3:14-CV-3126

BAXTER COUNTY, ARKANSAS and
MICKEY PENDERGRASS, Baxter County Judge,
in his official and individual capacities                 DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiffs American Humanist Association's ("AHA") and Dessa Blackthorn's Motion for Attorney's Fees and Costs (Doc. 33), Brief in Support (Doc. 34), and Supplement to Motion for Attorney's Fees and Costs (Doc. 35); Defendants Baxter County, Arkansas's and Mickey Pendergrass's (collectively, "the County") Response in Opposition (Doc. 36); and AHA's and Ms. Blackthorn's Reply (Doc. 37). For the reasons given below, Plaintiffs' Motion is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

AHA and Ms. Blackthorn brought suit under 42 U.S.C. § 1983 against the County as well as against Mr. Pendergrass in his individual capacity, alleging violations of the Establishment Clause of the First Amendment to the United States Constitution, arising from the display of a nativity scene on the County's courthouse grounds during the Christmas season. The Court granted summary judgment to AHA and Ms. Blackthorn against the County, awarding the Plaintiffs declaratory and injunctive relief, along with nominal damages. *See* Doc. 32, p. 1. However, AHA's and Ms. Blackthorn's claims

against Mr. Pendergrass in his individual capacity were dismissed with prejudice under the doctrine of qualified immunity. *Id.* at p. 2. Subsequently, AHA and Ms. Blackthorn moved to recover their attorneys' fees and costs from the County. Doc. 33. This Motion is now fully briefed and ripe for decision.

## II. LEGAL STANDARD

42 U.S.C. § 1988 gives the Court discretion to award "a reasonable attorney's fee as part of the costs" to the "prevailing party" in an action brought under 42 U.S.C. § 1983. "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)). "Absent special circumstances, a prevailing party should be awarded section 1988 fees *as a matter of course.*" *Hatfield v. Hayes*, 877 F.2d 717, 719 (8th Cir. 1989) (quoting *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir. 1983)) (emphasis in original, alteration omitted).

The first step in determining a reasonable attorney's fee is the calculation of the "lodestar," which is "the number of hours worked multiplied by the prevailing hourly rates," *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010), "reduce[d] . . . for partial success, if necessary," *Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996). Then, "in extraordinary circumstances" the Court may adjust the lodestar, but "there is a strong presumption that the lodestar is sufficient." *Perdue*, 559 U.S. at 546. In determining whether such extraordinary circumstances exist, the Court "may consider other factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), though it should note that many of these factors usually are subsumed within the

2

initial calculation of hours reasonably expended at a reasonable hourly rate."[1] *Hensley*, 461 U.S. at 434 n.9. Always, though, "the most critical factor is the degree of success obtained." *Id.* at 436. "[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit,"—especially when all of the claims are based on a common core of facts or related legal theories; rather, the degree of success should be ascertained by "focus[ing] on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

### III. DISCUSSION

AHA and Ms. Blackthorn are clearly "prevailing parties" as contemplated by 42 U.S.C. § 1988. Although it is true that the Court awarded them relief only against the County Defendants and not against Mr. Pendergrass in his individual capacity, it is also true that Plaintiffs obtained every single form of relief requested in their Complaint, as they did not seek compensatory or punitive damages. *Compare* Doc. 1, pp. 14–15 *with* Doc. 32. Regardless, then, of from which entity the relief was ultimately obtained, the degree of Plaintiffs' success was effectively absolute.

Plaintiffs' attorneys Monica Miller, David Niose, and Gerry Schulze propose hourly billing rates of $250.00, $325.00, and $325.00, respectively. Ms. Miller and Mr. Niose are

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

3

in-house attorneys at AHA's legal center—where Mr. Niose is the legal director—and Mr. Schulze is an attorney at a private law firm. Ms. Miller has been practicing law since 2012, Mr. Niose since 1990, and Mr. Schulze since 1983. Each of these attorneys appears to have a level of expertise and experience in the complicated areas of Establishment Clause and civil rights enforcement litigation that is unusually high for his or her number of years in practice. Drawing on its "own experience and knowledge of prevailing market rates," *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005), in the rural and low cost-of-living Harrison Division of the Western District of Arkansas, *Blum v. Stenson*, 465 U.S. 886, 898 (1984) (courts should look to the prevailing market rates "in the relevant community"), this Court concludes that hourly rates of $200.00, $300.00, and $300.00 would be high but reasonable rates for the excellent and legally complex work that Ms. Miller, Mr. Niose, and Mr. Schulze performed on behalf of AHA and Ms. Blackthorn.

Ms. Miller, Mr. Niose, and Mr. Schulze have submitted bills of 90.55 hours, 27.25 hours, and 111.7 hours, respectively, for their work on this case. After a careful review of the time sheets, the Court concludes that 100% of Mr. Schulze's claimed hours and 32.00 of Ms. Miller's claimed hours constitute original and independent work product for which they should receive full credit and compensation, but that 100% of Mr. Niose's claimed hours and the remaining 58.55 of Ms. Miller's claimed hours constitute essentially duplicative supervision of Mr. Schulze's work that would result in unfair double-counting if awarded in full. Therefore, the Court will calculate the lodestar in this case as follows: 61.28 hours at a rate of $200.00 per hour for Ms. Miller, plus 13.63 hours at a rate of

$300.00 per hour for Mr. Niose, plus 111.7 hours at a rate of $300.00 per hour for Mr. Schulze, equaling a total $49,855.00.[2, 3]

The Court will not make any adjustment to the lodestar. A downward adjustment would be inappropriate because, as noted above, Plaintiffs obtained the full relief sought in their Complaint. See Hensley, 461 U.S. at 435–36. An upward adjustment would be inappropriate because there are no "extraordinary circumstances" here that would overcome the "strong presumption" that the lodestar is sufficient, Perdue, 559 U.S. at 546, and nearly all of the relevant Johnson factors, see n.1, supra, have already been subsumed within the Court's calculation of the lodestar, see Hensley, 461 U.S. at 434 n.9.[4]

---

[2] Defendants argue that Plaintiffs should not recover attorney fees for work undertaken on this matter prior to the filing of the Complaint, but the Court disagrees. The Eighth Circuit has upheld the recovery of attorneys' fees for pre-litigation work in a Title VII civil rights enforcement action, see Warren v. Prejean, 301 F.3d 893, 904 (8th Cir. 2002), and this Court sees no reason to apply a different rule for civil rights enforcement actions brought under 42 U.S.C. § 1983. And contrary to Defendants' characterization, § 1988's language of "[i]n any action or proceeding" appears on its face not to refer to the time when the recoverable fees were incurred, but rather simply to the time when the Court may award such fees.

[3] The Court disagrees with Defendants' contention that the minimum billing increment of .25 hours used by Ms. Miller and Mr. Niose is excessive. The Court understands from its own experience that while this minimum billing increment is not as widely used as the increment of 0.1 hours, it is nevertheless common and not unreasonable.

[4] The only two relevant Johnson factors that the Court believes were not subsumed within its calculation of the lodestar are "the undesirability of the case" and "the nature and length of the professional relationship with the client." The Court does not believe either of these factors' presence here is so extraordinary as to permit an adjustment of the lodestar. With regard to the former factor, the Court recognizes that the relief sought and obtained was very politically unpopular; over the last several months, the Court has itself received a substantial number of letters and emails voicing displeasure with its Judgment in this case. However, civil rights enforcement actions are frequently unpopular, or at the very least quite controversial; in that context, the Court does not view this case as being an extraordinary outlier.

Finally, the Court has examined the list of costs submitted by Mr. Schulze, and finds all of his claimed costs, totaling $2,503.76, to be appropriate and recoverable. Defendants argue that some such costs, such as Mr. Schulze's mileage, hotel costs, and postage, should be excluded because they are not taxable under 28 U.S.C. § 1920. However, while Defendants are technically correct on this point, it is a point that makes no practical difference as such costs are recoverable in full as reasonable attorney fees under 42 U.S.C. § 1988. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294–95 (8th Cir. 1996); *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). Defendants also argue that some of the submitted costs lack sufficient detail to support a conclusion that they are necessary, but again, the Court believes this is ultimately a distinction without a difference. To whatever extent there might be insufficient detail to support the *necessity* of a few of Mr. Schulze's claimed costs (per 28 U.S.C. § 1920), the Court finds there is more than sufficient detail to support their *reasonableness* (per 42 U.S.C. § 1988). The Court will award the full $2,503.76 of claimed costs, which in combination with the lodestar results in a total award of $52,358.76.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 33) is **GRANTED IN PART AND DENIED IN PART** as follows: Defendants Baxter County, Arkansas and Mickey Pendergrass (in his official capacity only) are ordered to pay $52,358.76 in attorney fees and costs to Plaintiffs American Humanist Association and Dessa Blackthorn.

**IT IS SO ORDERED** on this 5th day of February, 2016.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE